Ryan M. Best, WSBA # 33672
Michael Merkelbach, WSBA # 55389
Best Law, PLLC
905 W. Riverside Ave. Ste 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JUSTIN STERNBERG, individually; SHAWN STERNBERG, individually; STEEL STRUCTURES AMERICA, INC., an Idaho corporation doing business in Washington and Idaho; STEEL STRUCTURES AMERICA, INC. D/B/A STEEL STRUCTURES AMERICA, INC., WASHINGTON DIVISION, a foreign profit corporation doing business in Washington and Idaho; STERNBERG INVESTMENTS, L.L.C., a Washington limited liability company doing business in Washington and Idaho; STERNBERG PROPERTIES, LLC, a Washington limited liability company doing business in Washington and Idaho; GARAGE DOOR DESIGN, INC., a foreign profit corporation doing business in Washington and Idaho ; PERMA COLUMN PRECAST, INC., an Idaho corporation doing business in Washington and Idaho, <br><br>Plaintiffs,<br><br>vs.<br><br>MOSS ADAMS LLP, a Washington limited liability partnership doing business in Washington and Idaho; ANNA VAUGHAN, individually and as an agent of Moss Adams LLP; KELLI FRANCO, individually and as an agent of Moss Adams LLP.<br><br>Defendants. | No.<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES** |

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No.  – Pg.1

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

Plaintiffs, by and through Ryan M. Best and Michael Merkelbach of Best Law, PLLC complains of Defendants and allege as follows:

## I.   PARTIES, JURISDICTION, VENUE, AND COVERAGE

1.1   Shawn Sternberg is a resident of Kootenai County, Idaho.

1.2   Justin Sternberg is a resident of Kootenai County, Idaho.

1.3   Steel Structures America, Inc. ("SSA") is an Idaho corporation doing business in Idaho and Washington whose principal mailing address is P.O. Box 895, Post Falls, ID 83877-0895.

1.4   Steel Structures America, Inc. d/b/a Steel Structures America, Inc., Washington Division ("SSAW") is a foreign profit corporation whose principal address is 3635 E. Covington Ave, Post Falls, ID 83854.

1.5   Sternberg Investments, L.L.C. is a Washington limited liability company whose principal address is 3635 E. Covington Ave, Post Falls, ID 83854.

1.6   Sternberg Properties, LLC is a Washington limited liability company whose principal address is 3635 E. Covington Ave, Post Falls, ID 83854.

1.7   Garage Door Design, Inc. is an Idaho corporation whose principal mailing address is P.O. Box 895, Post Falls, ID 83877-0895.

1.8   Perma Column Precast, Inc. is an Idaho corporation whose principal mailing address is P.O. Box 895, Post Falls, ID 83877-0895.

1.9   Moss Adams LLP ("Moss Adams") is a Washington Limited Liability Partnership whose principal place of business is 999 3rd Ave, Ste. 2800, Seattle, WA 98104.

1.10   Anna Vaughan resides in the Eastern District of Washington.

1.11   Kelli Franco resides in the Eastern District of Washington.

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No.  – Pg.2

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

1.12 The Federal District Court for the Western District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

## II. FACTS

2.1 On May 25, 2014, Justin Sternberg divorced Melisa Sternberg.

2.2 Melisa Sternberg is the biological mother of Anna Vaughan.

2.3 On or about May 20, 2018, Defendant Moss Adams hired Defendant Anna Vaughan.

2.4 At 5:58 a.m. on May 20, 2018, Mr. Justin Sternberg contacted Moss Adams regarding Ms. Vaughan's working for Moss Adams. Mr. Sternberg asked if Ms. Vaughan, Mr. Sternberg's former step-daughter, would have access to any of Plaintiffs' tax information.

2.5 At 8:02 a.m. on May 20, 2018, Ms. Kelli Franco, a "Tax Partner" with Moss Adams, told Mr. Justin Sternberg that she would, "put a block on [Steel Structure]'s file, Perma Column, Sternberg Investments and [Justin's] and Shawn's file so no one can see it other than those that work on your account in Spokane."

2.6 Seven months later, at 6:06 p.m. on December 31, 2018, Justin Sternberg contacted Moss Adams to express concern that Anna Vaughan (his former step-daughter) would have access to his personal confidential information as well as the other Plaintiffs' confidential information.

2.7 In his December 31, 2018 email Mr. Sternberg wrote, "My former step daughter is now working in Seattle for Moss Adams . . . I need assurance of complete confidentiality and that she does not have access to our information and would like something in writing from Moss Adams ASAP . . . Her name is Anna Vaughan."

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No.  – Pg.3

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

2.8 At 2:23 p.m. on January 2, 2019, Ms. Franco told Mr. Sternberg, "Yes…Anna is removed from all access to your files as well as the Seattle Assurance staff. I know this is a serious matter."

2.9 In 2019, after Moss Adams (through its agent Ms. Franco) assured Mr. Sternberg that it restricted Defendant Anna Vaughan from accessing his files, Moss Adams transferred Defendant Anna Vaughan from Seattle to Spokane.

2.10 Despite its assurances to Mr. Sternberg, Moss Adams failed to restrict Defendant Anna Vaughan from access to Plaintiffs' confidential records.

2.11 On August 7, 2019, Ms. Anna Vaughan accessed the 2018 tax return information for Justin Sternberg, Shawn Sternberg, Steel Structures, and Sternberg Investments.

2.12 On September 11, 2019, Ms. Vaughan accessed the 2018 tax return for Steel Structures a second time.

2.13 Ms. Franco failed to supervise Moss Adams employees and failed to ensure that Ms. Vaughan, or any other unauthorized Moss Adams employee, would not inspect or disclose Plaintiffs' tax return information.

2.14 On February 3, 2020, Mr. Sternberg knew Defendant Anna Vaughan had accessed Plaintiffs' confidential records and that Ms. Vaughan disclosed the information without his consent, and at 12:38 p.m. sent an email to Ms. Franco requesting a meeting to discuss the breach of information.

2.15 At 9:58 a.m. on February 4, 2020, Ms. Franco agreed to meet Mr. Sternberg the next morning, at 8:00 a.m. on February 5, 2020.

2.16 But at 5:58 p.m. on February 4, 2020, Ms. Franco emailed Mr. Sternberg to cancel the meeting because, "something came up."

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.4

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

2.17 At 6:23 p.m. on February 4, 2020, Mr. Sternberg responded to Ms. Franco's cancellation stating that his matter was urgent and he needed to reschedule the meeting.

2.18 Later that evening Ms. Franco called Mr. Sternberg to discuss what "came up" that made her cancel the meeting.

2.19 After talking to Ms. Franco that evening, Mr. Sternberg knew that Defendant Anna Vaughan approached Ms. Franco and reported accessing Plaintiffs' records and disclosing the confidential information without consent.

2.20 Mr. Sternberg also knew that the restrictions in place while Defendant Anna Vaughan was in Seattle were not in place when Ms. Vaughan transferred to Spokane.

2.21 During the phone call Ms. Franco admitted that she knew Mr. Sternberg wanted Moss Adams to ensure that Ms. Vaughan would not have access to Plaintiffs' confidential records; that Moss Adams failed to restrict Ms. Vaughan's access; and that because Moss Adams failed to restrict Anna Vaughan's access, Ms. Vaughan was able to – and did – access and disclose Plaintiffs' confidential records.

2.22 On or about February 5, 2020, Ms. Vaughan's employment at Moss Adams LLP ended.

2.23 Moss Adams did not report Ms. Vaughan to any regulatory board as required by ethical rules.

2.24 Ms. Vaughan, one of the CPA employees for Moss Adams, disclosed tax return information to her mother (Melisa Sternberg) and her mother's boyfriend.

2.25 After Ms. Vaughan disclosed Plaintiffs' confidential information to Melisa Sternberg and Ms. Sternberg's boyfriend, Plaintiffs' private and confidential information (including private internal business records) were disseminated to the community

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.5

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

(including Plaintiffs' employees, competitors, and vendors), which resulted in Plaintiffs' suffering consequential damages and complications in business operations.

2.26 Moss Adams, through its agent Ms. Kelli Franco, had actual knowledge of the volatile relationship between Mr. Sternberg and his ex-wife.

2.27 Moss Adams, through its agent Ms. Kelli Franco, had actual knowledge of Mr. Sternberg's lengthy and contentious divorce/custody litigation.

2.28 Moss Adams, through its agent Ms. Kelli Franco had actual knowledge that Ms. Vaughan was Ms. Sternberg's biological daughter.

2.29 Moss Adams, through its agent Ms. Kelli Franco had actual knowledge of Mr. Sternberg's relationship with Ms. Anna Vaughan.

2.30 After Moss Adams' unlawful inspection and disclosure of Plaintiffs' confidential tax return information, Plaintiffs requested Moss Adams produce all tax returns, K1's, depreciation schedules, accounting data, email correspondence, file notes, principal and Plaintiffs' company data that Moss Adams had in its possession, and provide it to Plaintiffs' new accounting firm.

2.31 Moss Adams refused to provide Plaintiffs or Plaintiffs' new accounting firm with the all the requested information in a timely manner.

2.32 Moss Adams' refusal to provide client files forced Plaintiffs to incur additional expenses to pay for professional services.

2.33 Moss Adams willfully or intentionally refused to cooperate with the transferring of Plaintiffs' tax documents to facilitate Plaintiffs filing their 2019 tax returns.

//

//

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.6

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

## III. CAUSES OF ACTION

### FEDERAL CAUSE OF ACTION:
### UNAUTHORIZED DISCLOSURE (26 U.S.C. § 7431(a)(2))

3.1 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 2.33, as if set forth fully herein.

3.2 Plaintiffs designated Defendant Moss Adams to receive tax return information to prepare tax returns and provide tax advice.

3.3 Plaintiffs never granted permission for Defendant Moss Adams to disclose their tax information to Defendant Anna Vaughan.

3.4 Plaintiffs never granted permission for Defendants to disclose tax information to Melisa Sternberg or Ms. Vaughan's boyrfriend.

3.5 Defendant Anna Vaughan, an agent of Defendant Moss Adams, knowingly and willfully accessed Plaintiffs' tax return and tax return information.

3.6 Defendant Anna Vaughan, an agent of Moss Adams, knowingly and willfully disclosed Plaintiffs' tax information to unauthorized third-parties, including, but not limited to Melisa Sternberg and to Ms. Sternberg's then-boyfriend.

3.7 Defendant Moss Adams was grossly negligent in preventing Defendant Anna Vaughan's unauthorized inspection and disclosure of Defendants' confidential tax records and tax record information.

3.8 Defendants are not officers or employees of the United States.

### FIRST STATE CAUSE OF ACTION:
### BREACH OF CONTRACT

3.9 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.8, as if set forth fully herein.

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.7

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

3.10 Plaintiffs executed contracts with Defendant Moss Adams.

3.11 Moss Adams had a contractual duty to use the Plaintiffs' tax return information solely to perform its contractual obligations and limit the dissemination of Plaintiffs' information to only those employees that needed such access.

3.12 Moss Adams acknowledged and assumed a heightened duty to protect Plaintiffs' confidential information from Anna Vaughan.

3.13 Moss Adams employees, despite being aware of Plaintiffs' concern, took insufficient steps to ensure Plaintiffs' information remained private.

3.14 Moss Adams' multiple breaches of its contracts with Plaintiffs proximately caused Plaintiffs' damages.

**SECOND STATE CAUSE OF ACTION:**
**NEGLIGENCE**

3.15 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.14, as if set forth fully herein.

3.16 Defendant Moss Adams had a duty to perform under its contract pursuant to the laws and regulations established by Washington State law.

3.17 Defendant Moss Adams had an enhanced duty to protect Plaintiffs' confidential information from Defendant Anna Vaughan after Mr. Sternberg notified Moss Adams of his concern that Ms. Vaughan would have access to Plaintiffs' information and after Moss Adams specifically assured him that neither Ms. Vaughan nor any other Moss Adams employee in Seattle would be able to access Plaintiffs' confidential tax information.

3.18 Defendant Moss Adams had a duty to protect Plaintiffs' confidential

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.8

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

information from Defendant Anna Vaughan after Moss Adams transferred Ms. Vaughan to Spokane.

3.19 Defendant Moss Adams breached its duty by allowing Ms. Vaughan to access and disclose Plaintiffs' confidential tax return information.

3.20 Defendant Moss Adams breached its duty to Plaintiffs by allowing Ms. Vaughan to access and disclose Plaintiffs' confidential tax return information.

3.21 Defendant Moss Adams breached its duty to the public by intentionally failing to report Ms. Vaughan for illegally accessing Plaintiffs' confidential information and maliciously providing it to her mother, Melisa Sternberg, for use as ammunition in future family law litigation.

3.22 As a result of Defendants' breach of their duties, Plaintiffs have suffered damages in an amount to be proved at trial.

3.23 Plaintiff Justin Sternberg has suffered, and will continue to suffer, significant damages including, but not limited to, emotional pain and suffering, mental pain and suffering, loss of enjoyment of life, loss of wages, loss of past earnings, loss of earning capacity, and loss of business opportunity.

### THIRD STATE CAUSE OF ACTION: NEGLIGENT SUPERVISION

3.24 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.23, as if set forth fully herein.

3.25 Moss Adams negligently supervised its employees by allowing Mr. Sternberg's ex-stepdaughter to access his, and the other Plaintiffs' confidential tax information, despite having Mr. Sternberg notify Moss Adams on multiple occasions of the potential for an unauthorized disclosure of his private information.

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.9

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

3.26 Moss Adams negligently supervised it employees by not ensuring that proper restrictions were put into place to prevent an unauthorized disclosure of Mr. Sternberg's confidential tax information after the Moss Adams employee told Mr. Sternberg that such restrictions were in place.

3.27 Ms. Vaughan was not one off the Moss Adams employees assigned to Plaintiffs' accounts.

3.28 Moss Adams had actual knowledge that Ms. Vaughan's only use for Plaintiffs' confidential information would be malicious and to the detriment of Plaintiffs.

### FOURTH STATE CAUSE OF ACTION: FAILURE TO REPORT VIOLATION OF RULES OF CONDUCT (WAC 4-30-052(3))

3.29 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.28, as if set forth fully herein.

3.30 Washington State law requires Certified Public Accounting Firms to report violations of their Rules of Professional Conduct.

3.31 Defendant Moss Adams is aware of at least five times that Defendant Anna Vaughan accessed Plaintiffs' tax return information and that she disclosed the information to her mother (Mr. Sternberg's ex-wife, Melisa Sternberg) and to Melisa Sternberg's then-boyfriend.

3.32 Despite having actual knowledge of Ms. Vaughan's unauthorized access to Plaintiffs' confidential tax return information, Defendant Moss Adams did not report Ms. Vaughan's violation.

PLAINTIFFS' COMPLAINT FOR DAMAGES
Case No.  – Pg.10

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

3.33 Defendant Moss Adams did not subsequently report its own ethical violation for failing to report Ms. Vaughan for intentionally and maliciously inspecting and disclosing Plaintiffs' confidential records for the sole purpose of being used against Plaintiffs.

### FIFTH STATE CAUSE OF ACTION: DECLARATORY RELIEF (RCW 7.24)

3.34 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.33, as if set forth fully herein.

3.35 Plaintiffs seek from this Court a judgment declaring that Defendant Anna Vaughan, a Moss Adams employee, intentionally accessed Plaintiffs' confidential tax records without Plaintiffs' consent and for purposes other than to act in Plaintiffs' best interest.

3.36 Plaintiffs seek from this Court a judgment declaring that Defendant Anna Vaughan's unauthorized access of Plaintiffs' confidential tax information violated the Rules of Conduct Washington State law requires CPAs adhere.

3.37 Plaintiffs seek from this Court a judgment declaring that Defendant Moss Adams was required to report Ms. Vaughan's unauthorized access to Plaintiffs' confidential tax records.

3.38 Plaintiffs seek from this Court a judgment declaring that Defendant Moss Adams was required to report Ms. Vaughan's unauthorized disclosure of Plaintiffs' confidential tax information to Melisa Sternberg and to Ms. Sternberg's then-boyfriend.

3.39 Plaintiffs seek from this Court a judgment declaring that Defendant Moss Adams did not provide Plaintiffs with the work papers and client-provided records in a reasonable time to avoid Plaintiffs' incurring additional cost of filing tax returns and re-entering Plaintiffs' information into a different CPA firm's system.

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No. – Pg.11

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

3.40   Plaintiffs seek from this Court a judgment declaring that Defendant Anna Vaughan willfully inspected and disclosed Plaintiffs' confidential tax record information in a manner not authorized by the Internal Revenue Code.

3.41   Plaintiffs seek from this Court a judgment declaring that Defendant Moss Adams, through its employee, willfully inspected and disclosed Plaintiffs' confidential tax record information in a manner not authorized by the Internal Revenue Code.

## IV.   DAMAGES

4.1   Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.38, as if set forth fully herein.

4.2   As a result of Defendants' negligence, certain willful actions, certain malicious actions, certain inactions, and various negligent acts, Plaintiffs have sustained, and will continue to sustain, damages including, but not limited to emotional pain and suffering, mental pain and suffering, loss of enjoyment of life, loss of wages, loss of past earnings, loss of earning capacity, and loss of business opportunity in amounts to be proved at trial.

## V.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, demand judgment against Defendants for an Order as follows:

1.   Judgment against Defendant Moss Adams LLP establishing that Moss Adams:

   (a)   Did not furnish upon Plaintiffs, after Plaintiffs' request and reasonable notice, the accounting records and working papers Moss Adams had in its possession due to it representing Plaintiffs;

PLAINTIFFS' COMPLAINT
FOR DAMAGES
Case No.  – Pg.12

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

      (b)      Moss Adams committed or allowed Ms. Vaughan to commit, in Moss Adams' name, acts that reflected adversely on Moss Adams' fitness to hold itself out as a firm; and

      (c)      Moss Adams permitted Ms. Vaughan to carry out, on Moss Adams' behalf, acts which violated the rules of conduct Washington State Requires CPAs to follow;

2. Judgment against Defendant Anna Vaughan establishing that she:

      (a)      Committed acts on Moss Adams' behalf, which violated the rules of conduct Washington State Requires CPAs to follow;

      (b)      Committed acts, in Moss Adams' name, that reflected adversely on Moss Adams'/Ms. Vaughan's fitness to hold herself out as a CPA;

3. Damages sustained pursuant to 26 U.S.C. § 7431(c)(1)(A) regarding Plaintiffs Shawn Sternberg, SSAW, Sternberg Investments, LLC, Sternberg Properties, LLC, Garage Door Design, Inc., and Perma Column Precast, Inc.

4. Actual damages sustained by Plaintiffs Justin Sternberg and SSA pursuant to 26 U.S.C. § 7431(c)(1)(B)(ii).

5. Damages for Plaintiff Justin Sternberg's past and future emotional pain and suffering, mental pain and suffering, loss of enjoyment of life, loss of wages, loss of past earnings, loss of earning capacity, and loss of business opportunity in amounts to be proven at trial;

6. Damages for Plaintiff Steel Structures America, Inc.'s loss of past earnings, loss of earning capacity, and loss of business opportunity in amounts to be proven at trial;

PLAINTIFFS' COMPLAINT FOR DAMAGES
Case No.  – Pg.13

BEST LAW PLLC
905 W. Riverside Ave, Ste 409
Spokane, WA 99201
(509)202-6336

7. Punitive damages pursuant to 26 U.S.C. § 7431(c)(1)(B)(ii);

8. Plaintiffs' costs of this action pursuant to 26 U.S.C. § 7431(c)(2);

9. Reasonable attorney's fees pursuant to 26 U.S.C. § 7431(c)(3);

10. Pre-judgment interest and reasonable attorney's fees and costs as provided by contract, equity, or RCW 4.84.250 et seq. and federal and Washington law; and

11. For other and further relief as the Court may deem just and proper.

Dated: August 4, 2021

                                                    BEST LAW, PLLC

                                                    By:    /s/Ryan Best
                                                    Attorney for Plaintiff

PLAINTIFFS' COMPLAINT  
FOR DAMAGES  
Case No. – Pg.14

BEST LAW PLLC  
905 W. Riverside Ave, Ste 409  
Spokane, WA 99201  
(509)202-6336